IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| OPTIMUMPATH, L.L.C., <br><br> Plaintiff, <br><br> vs. <br><br> BELKIN INTERNATIONAL, INC., <br> BUFFALO TECHNOLOGY (USA), INC., <br> CISCO LINKSYS L.L.C.; COMPEX INC., <br> D-LINK SYSTEMS, INC., NETGEAR, INC., <br> and SMC NETWORKS, INC., <br><br> Defendants. | Case No. 4:08-cv-00317-TLW <br><br><br> (Jury Trial Demanded) |

## SMC NETWORKS, INC.'S ANSWER AND COUNTERCLAIMS TO OPTIMUMPATH, L.L.C.'S COMPLAINT FOR PATENT INFRINGEMENT

Defendant SMC Networks, Inc. ("SMC") respectfully answers Plaintiff OptimumPath L.L.C.'s ("Plaintiff" or "OptimumPath") Original Complaint for Patent Infringement and Jury Demand ("Complaint") in correspondingly numbered paragraphs, and SMC asserts affirmative defenses as follows:

### THE PARTIES

1. SMC lacks sufficient knowledge to admit or deny these allegations, and therefore denies them.

2. SMC lacks sufficient knowledge to admit or deny these allegations, and therefore denies them.

3. SMC lacks sufficient knowledge to admit or deny these allegations, and therefore denies them.

4. SMC lacks sufficient knowledge to admit or deny these allegations, and therefore denies them.

1

5. SMC lacks sufficient knowledge to admit or deny these allegations, and therefore denies them.

6. SMC lacks sufficient knowledge to admit or deny these allegations, and therefore denies them.

7. SMC lacks sufficient knowledge to admit or deny these allegations, and therefore denies them.

8. SMC admits that it is a corporation organized under the laws of the State of Delaware, that it is doing business in South Carolina, and that it can be served with process by serving its registered agent at United Corporate Services, Inc., 874 Walker Road, Suite C, Dover, Delaware 19904.

## JURISDICTION AND VENUE

9. SMC admits that Plaintiff's complaint purports to arise out of United States patent law and that this Court has original jurisdiction. SMC denies the remaining allegations.

10. SMC admits that venue is proper in the District of South Carolina (Florence Division). However, SMC contends that the Northern District of California is more suitable under Title 28 U.S.C. § 1404(a).

## PATENT INFRINGEMENT COUNT

11. SMC admits that a copy of the '281 patent is attached to the Complaint as Exhibit A. SMC admits that the attached copy of the '281 patent on its face recites the title "Wireless Provisioning Device" and the issue date of April 25, 2006. SMC lacks sufficient knowledge to admit or deny the remaining allegations, and therefore denies them.

12. SMC lacks sufficient knowledge to admit or deny this allegation, and therefore denies it.

13. SMC admits that 35 U.S.C. § 282 relates to the presumption of validity of patents.

SMC lacks sufficient knowledge to admit or deny the remaining allegations, and therefore denies them.

14. SMC admits that Anthony C. Spearman and Andrew E. Tompkins are listed as inventors on the face of the '281 patent. SMC lacks sufficient knowledge to admit or deny the remaining allegations, and therefore denies them.

15. SMC lacks sufficient knowledge to admit or deny these allegations, and therefore denies them.

16. SMC lacks sufficient knowledge to admit or deny these allegations, and therefore denies them.

17. SMC lacks sufficient knowledge to admit or deny these allegations, and therefore denies them.

18. SMC lacks sufficient knowledge to admit or deny these allegations, and therefore denies them.

19. SMC lacks sufficient knowledge to admit or deny these allegations, and therefore denies them.

20. SMC lacks sufficient knowledge to admit or deny these allegations, and therefore denies them.

21. SMC admits that it sells wireless routers. SMC denies the remaining allegations.

22. To the extent these allegations are directed to SMC, SMC denies each and every allegation. To the extent these allegations are directed to entities other than SMC, SMC lacks sufficient knowledge to admit or deny these allegations, and therefore denies them.

## DEMAND FOR JURY TRIAL

23. SMC admits that Plaintiff has demanded a jury trial on all claims and issues triable of right by a jury.

MMB:7455-036:895774.3

**PRAYER FOR RELIEF**

24.     SMC denies that Plaintiff is entitled to any relief.

**GENERAL DENIAL**

25.     SMC further denies any of the allegations in Plaintiff's Complaint which are not specifically admitted herein.

**AFFIRMATIVE DEFENSES**

**FIRST SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE**

**(Failure To State A Claim Upon Which Relief Can Be Granted)**

26.     The Complaint fails to state a claim upon which relief can be granted against SMC.

**SECOND SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE**

**(Noninfringement)**

27.     SMC has not directly infringed any claim of the '281 patent, has not contributed to infringement of any claim of the '281 patent, and has not induced infringement of any claim of the '281 patent.

**THIRD SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE**

**(Invalidity)**

28.     Each claim of the '281 patent is invalid for failure to meet one or more of the conditions of patentability specified in Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

**FOURTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE**

**(Laches and Estoppel)**

29.     Plaintiff is barred from asserting the '281 patent and/or from obtaining any other form of relief pursuant to the equitable doctrines of laches and/or estoppel.

MMB:7455-036:895774.3

### FIFTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

### (Waiver)

30. Plaintiff is barred from asserting the '281 patent and/or from collecting damages thereunder pursuant to the doctrine of waiver. Plaintiff materially breached that obligation when it failed to offer an objectively fair, reasonable and nondiscriminatory license to SMC. Upon information and belief, Plaintiff never intended to offer SMC fair, reasonable and nondiscriminatory terms of license.

### SIXTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

### (Collateral Estoppel and/or Judicial Estoppel)

31. Plaintiff is barred pursuant to the doctrines of collateral estoppel and/or judicial estoppel from re-asserting and/or altering positions that were previously the subject of its own arguments and/or rulings adverse to the company.

### SEVENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

### (Insufficient Notice)

32. Plaintiff failed to provide adequate notice to SMC of alleged patent infringement and thus is barred under 35 U.S.C. § 287 from recovering damages.

### EIGHTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

### (Preclusion from Recovering Costs Under 35 U.S.C. § 288)

33. To the extent that any claim of the '281 patent asserted by Plaintiff is held invalid, Plaintiff must be precluded under 35 U.S.C. § 288 from recovering costs related to this action.

### NINTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

### (Prosecution History Estoppel)

34. On information and belief, the relief sought by OptimumPath is barred in whole or in part under the doctrine of prosecution history estoppel.

35. SMC reserves the right to amend its answer to assert further defenses based upon further discovery in the lawsuit.

## COUNTERCLAIMS

36. Defendant and Counterclaim Plaintiff SMC Networks, Inc. ("SMC") pleads the following counterclaims against Plaintiff and Counterclaim Defendant OptimumPath L.L.C. ("Plaintiff" or "OptimumPath"):

## THE PARTIES

37. SMC is a Delaware corporation with its principal place of business at 20 Mason Street, Irvine, California 92618.

38. OptimumPath is a corporation organized and existing under the laws of the State of South Carolina, with its principal place of business at 3709 South Church Street Ext., Roebuck, South Carolina 29376.

## JURISDICTION AND VENUE

39. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, 1367, 2001 and 2202.

40. Venue is proper in the District of South Carolina (Florence Division). However, SMC contends that the Northern District of California is more suitable under Title 28 U.S.C. § 1404(a).

## CAUSES OF ACTION

41. In its Complaint, OptimumPath has alleged that it is the assignee of United States Patent No. 7,035,281 (the "'281 patent") and has asserted that SMC infringes the '281 patent. SMC lacks information and belief as to whether OptimumPath is an assignee of the '281 patent, and on that ground denies OptimumPath's allegation of assignment. SMC further denies that it has infringed any claim of the '281 patent and contends that the '281 patent is invalid under 35

U.S.C. §§ 101, 102, 103, and/or 112.

## FIRST COUNTERCLAIM

### (Declaratory Judgment of Noninfringement)

42.     SMC repeats and realleges the allegations set forth in paragraphs 1-41 as if fully set forth herein.

43.     There is an actual and continuing justiciable controversy between SMC and OptimumPath regarding the alleged infringement of the '281 patent.

44.     SMC has not infringed any valid claim of the '281 patent.

## SECOND COUNTERCLAIM

### (Declaratory Judgment of Invalidity)

45.     SMC repeats and realleges the allegations set forth in paragraphs 1-44 as if fully set forth herein.

46.     There is an actual and continuing justiciable controversy between SMC and OptimumPath regarding the alleged infringement and invalidity of the '281 patent.

47.     The asserted claims of the '281 patent are invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112.

## THIRD COUNTERCLAIM

### (Declaratory Judgment of Unenforceability)

48.     SMC repeats and realleges the allegations set forth in paragraphs 1-47 as if fully set forth herein.

49.     There is an actual and continuing justiciable controversy between SMC and Optimumpath regarding the enforceability of the '281 patent.

50.     The '281 patent is unenforceable under the doctrines of laches, waiver, and estoppel.

## **PRAYER FOR RELIEF**

WHEREFORE, SMC respectfully requests that this Court enter judgment against OptimumPath by awarding the following relief:

A.     Dismissal of the Complaint with prejudice, granting SMC's affirmative defenses, and denying each request for relief made by OptimumPath;

B.     A declaration in favor of SMC that:

    1)     None of the '281 patent claims are infringed by SMC;

    2)     The '281 patent's asserted claims are invalid; and

    3)     The '281 patent is unenforceable.

C.     An award to SMC of compensatory damages on its counterclaims, according to proof at trial;

D.     A declaration that this case qualifies as exceptional within the meaning of 35 U.S.C. § 285 and that SMC be awarded attorneys' fees, costs, and expenses that it incurs in prosecuting this action; and

E.     Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

SMC demands a trial by jury as to all issues so triable.

DATED: April 23, 2008     HAYNSWORTH SINKLER BOYD, P.A.

            By s/ Sarah P. Spruill
             Manton M. Grier, D.S.C. No. 2461
             Sarah P. Spruill, D.S.C. No. 8054
             1201 Main Street, Suite 2200 (29201)
             Post Office Box 11889 (29211)
             Columbia, South Carolina
             Telephone: 803.779.3080
             mgrier@hsblawfirm.com
             sspruill@hsblawfirm.com

OF COUNSEL:
(*Pro Hac Vice Admissions Applied For*)

Richard C. Vasquez
Joshua D. Cohen
Eric W. Benisek
Craig E. Davis
Stephen C. Steinberg
Avin P. Sharma
MORGAN MILLER BLAIR, A LAW CORPORATION
1331 N. California Blvd., Suite 200
Walnut Creek, CA 94596-4544
Telephone: (925) 937-3600
Facsimile: (925) 274-7544
rvasquez@mmblaw.com
jcohen@mmblaw.com
ebenisek@mmblaw.com
cdavis@mmblaw.com
ssteinberg@mmblaw.com
asharma@mmblaw.com

            Attorneys for SMC Networks, Inc.

9

MMB:7455-036:895774.3