IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| OPTIMUMPATH, L.L.C., | : | |
| | : | |
| Plaintiff | : | Civil Action No. 4:08-CV-00317-TLW-TER |
| | : | |
| vs. | : | JURY TRIAL DEMANDED |
| | : | |
| BELKIN INTERNATIONAL, INC., | : | PLAINTIFF'S MEMORANDUM IN |
| BUFFALO TECHNOLOGY (USA), | : | OPPOSITION TO DEFENDANTS' |
| INC., CISCO LINKSYS L.L.C., | : | MOTION TO TRANSFER |
| COMPEX INC., D-LINK SYSTEMS, | : | VENUE PURSUANT TO 28 U.S.C. §1404(a) |
| INC., NETGEAR, INC. and SMC | : | |
| NETWORKS, INC. | : | |
| | : | |
| Defendants. | : | |
| | : | |

Plaintiff OptimumPath, L.L.C. ("Optimum") hereby files its Opposition to
Defendants' Motion to Transfer Venue Pursuant to 28 U.S.C. §1404(a), showing the
Court the following:

I.      **INTRODUCTION**

On January 30, 2008, Optimum brought suit against multiple defendants in its
home district of South Carolina, claiming they infringe U.S. Patent No. 7,035,281 ("the
'281 patent), of which it is the owner. Optimum did not engage in forum shopping, but
brought suit in the state where it is headquartered, where the named inventors reside,
where the patent attorney who prosecuted the patent-in-suit resides, where the technology
was first implemented, where the customers and employees who can testify about the
earliest implementation reside and where the bulk of documents related to the invention
and implementation of the technology are located. Because this case has significant ties
to the State of South Carolina and because the Plaintiff's choice of forum should control,

especially when it is his home forum, this Court should deny Defendants' Motion to Transfer.

## II.     FACTS

### A. Plaintiff Has A Significant Ongoing Relationship to South Carolina

In its Motion to Transfer, Defendants claim that Optimum has no meaningful connection to this District. This statement is inaccurate. In fact, Optimum has a physical location at 209 West Mill St., Kingstree, South Carolina, 29556. (Spearman Decl. Para. 3) A portion of the technology covered by the '281 patent was first presented to the public in Oct of 1999 in Kingstree South Carolina. (Spearman Decl. Para. 4) The complete process was later revised, implemented and tested in South Carolina over a period between December 2000 and December 2001. (Spearman Decl., Para.4).

It was later deployed in the South Carolina towns of Charleston, Lake City, Myrtle Beach, Columbia and Hilton Head. (Spearman Decl, Para 5)

Specifically, services covered by the '281 patent were provided to Deytons Shipyard of Charleston, Martec Biological Services of Kingstree, as well as other smaller individual clients throughout South Carolina, Alabama and Florida. (Spearman Decl., Para 6)

Optimum uses contract employees, all of whom are located in South Carolina. (Spearman Decl., Para 7) Its patent prosecution attorney, Tony Alexander of Technology Legal Services, LLC, who is expected to be called as a witness, resides in Charlotte, North Carolina, which is within two hours of the courthouse. (Spearman Decl., Para. 8) His files, as well as all documents related to the conception and reduction to practice and

all other business documents related to Optimum are all located in South Carolina.

(Spearman Decl, Para 9)

### B. Defendants do Business in South Carolina

Optimum alleged in its Complaint that all Defendants do business in South

Carolina, and none have disputed that allegation.   Their Motion to Transfer is not based

on a lack of personal jurisdiction, but on California being a *more convenient* forum.

### III.     ARGUMENT

### A.     Plaintiff's Choice of Forum Given Great Weight

The legal standard governing transfer under §1404(a) allows "for the convenience

of parties and witnesses, in the interest of justice, a district may transfer any civil action

to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

In ruling on a motion to transfer, a Court should consider both the interests of the

litigants, and the public interest in the fair and efficient administration of justice."  See

*Gulf Oil v. Gilbert,* 330 U.S. 501, 508 (1947).  The burden of demonstrating the utility of

transferring venue lies with the moving party and a court should not disturb a plaintiff's

choice of forum "unless the balance of the factors tips heavily in favor of transfer."

*Pergo, Inc. v. Alloc, Inc.*, 262 F. Supp. 2d 122, 129 (S.D.N.Y. 2003).

The seminal law on this subject comes from *Gulf Oil,* which held:

> It is often said that the plaintiff may not, by choice of an inconvenient
> forum, 'vex,' 'harass,' or 'oppress' the defendant by inflicting upon him
> expense or trouble not necessary to his own right to pursue his remedy.
> But unless the balance is strongly in favor of the defendant, the plaintiff's
> choice of forum should rarely be disturbed.

*Gulf Oil* at 508.

In this instance, there are no allegations that Optimum is attempting to vex, harass or oppress the Defendants by filing in South Carolina. Nor have Defendants argued that Optimum is forum shopping. It has always been the privilege of the Plaintiff to file a suit in its own home forum. *Chicopee Mfg. Corp. v. Kendall Co.*, 154 F. Supp. 248, 251 (D.S.C. 1957). ("The libellant's choice of forum is a substantial privilege.")

In this instance, South Carolina is not simply the forum in which the Plaintiff resides. It is also the forum which has significant ties to the controversy. The technology described in the '281 patent was conceived of, tested and implemented in South Carolina. (Spearman Decl, Para 4) The majority of Plaintiff's clients using the technology described in the '281 patent are in South Carolina. (Spearman Decl, Para 6) The witnesses who can testify about conception and reduction to practice are all located in South Carolina, as are the documents related to those topics. (Spearman Decl, Paras 7-9)

**B. Convenience of the Parties Does Not Favor Transfer**

While the Defendants have their ties and witnesses in California, the Plaintiff can make the same argument regarding South Carolina. Courts have consistently said that it is not proper to transfer a case simply to shift the burden from one party to the other. *DeLay & Daniels, Inc. v. Allen M. Campbell Co., Gen. Contractors, Inc.,* 71 F.R.D. 368, 372 (D.S.C. 1976) ("A transfer of venue is inappropriate if the transfer merely shifts the burdens of litigation from one party to the other"); *Pitney Bowes, Inc. v. National Presort, Inc.,* 33 F. Supp. 2d 130, 132 (D. Conn. 1998). ("Transfer should not merely "shift the burden of inconvenience from one party to the other.") See also *Milliken & Co. v. F.T.C.,* 565 F. Supp. 511, 517 (D.S.C. 1983), in which a South Carolina company sued a Michigan-based company for patent infringement. The Court focused on the fact that

witnesses resided in both states and documents and other evidence were located in both as well. "A transfer that merely shifts the balance of convenience is especially inappropriate in the case at bar because South Carolina has a substantial connection to the parties and the controversy such that the plaintiff's choice of forum should be given weight." *Id.*

The key here again seems to be that convenience of the parties generally swings in the Plaintiff's direction in instances like the present one where the Plaintiff sues in his own home forum.

"In any balancing of conveniences, a real showing of convenience by a plaintiff who has sued in his home forum will normally outweigh the inconvenience the defendant may have shown." *Koster v. (American) Lumbermens Mut. Casualty Co.*, 330 U.S. 518, 524 (U.S. 1947).

Defendants further argue that they all retained patent counsel in California, thus making California more convenient. It is safe to presume that there are plenty of competent patent attorneys in South Carolina. The fact that the Defendants, *after being sued in South Carolina,* retained California counsel should not be a factor in determining convenience of the parties.

## C. The Convenience of Witness Does Not Favor Transfer

Again, while the witnesses the Defendants expect to call are in California, those who are expected to testify for the Plaintiff are in South Carolina. The three principals of Optimum, Tony Spearman, John Spearman and Rusty Washburn all reside in South Carolina. (Spearman Decl., Para 9) Moreover, Mr. Washburn suffered a stroke earlier this month and therefore will have difficulty making multiple trips to California.

(Spearman Decl., Para 10)   These three gentlemen have critical knowledge about the conception and reduction to practice, as well as the business and financial dealings of Optimum.  In addition, Optimum expects its patent prosecutor Tony Alexander of Technology Legal Counsel to be called as a witness.  It also expects some of its earliest customers to testify on the subject of reduction to practice.

Again, to transfer this litigation from South Carolina to California would simply shift the burden from the Defendant to the Plaintiff.

### D. The Interests of Justice Favor Leaving the Litigation in South Carolina

Again, Defendants make the erroneous assumption that the Plaintiff has no significant ties to South Carolina.  As detailed above, Plaintiff has a physical location in South Carolina.  (Spearman Decl., Para 3)   The technology described in the patent-at-issue was conceived, tested and reduced to practice in California.  (Spearman Decl., Para 4)   The technology was sold in South Carolina, and most of the clients who use the technology are in South Carolina.  (Spearman Decl., Para 6)   Thus South Carolina clearly has a significant interest in this litigation and it should remain here.

### IV.   CONCLUSION

A Plaintiff's choice of forum – especially when it's his home forum – should not be disturbed unless the balance of factors weighs so heavily in favor of the Defendant.  In this case, no Defendant has argued that South Carolina is an improper forum, but simply that California is more convenient.  While South Carolina may be inconvenient for the Defendants, California is equally inconvenient for the Plaintiff.  And since the law clearly states that a litigation should not be moved if it would simply shift the burden from one party to another, the Plaintiff's choice of forum should be upheld and this litigation

should remain in South Carolina.

Respectfully Submitted,

s/ B. C. Killough
B. C. Killough (Federal ID No. 2330)
BARNWELL WHALEY PATTERSON & HELMS, LLC
885 Island Park Drive (29492)
Post Office Drawer H
Charleston, SC 29402
843.577.7700
843.577.7708 (facsimile)
bckillough@barnwell-whaley.com

Dated:  May 27, 2008

and

Edward W. Goldstein
Corby R. Vowell
Jody M. Goldstein
GOLDSTEIN, FAUCETT & PREBEG, L.L.P
1177 West Loop South
Fourth Floor
Houston, TX 77027
713.877.1515
713.877.1145 (facsimile)
egoldstein@gfpiplaw.com
cvowell@gfpiplaw.com